UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br> -against-<br><br> DANIEL LYNCH,<br><br>                    Defendant. | 08-cr-1051 (LAP)<br>20-cv-7210 (LAP)<br><br>MEMORANDUM AND ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

Before the Court is Defendant Daniel Lynch's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c), dated January 10, 2024.  (See 08-cr-1051, dkt. no. 98 [the "Motion" or "Mot."].)[1]  On February 27, 2024, the Government filed a letter in opposition to the Motion.  (See dkt. no. 102 ["Gov't Opp."].)  Defendant filed his reply on March 19, 2024.  (See dkt. no. 103.)  For the reasons set forth below, the Defendant's Motion is denied.

I.    **Background**

On September 1, 2011, Superseding Indictment (S1) was filed, charging Defendant with ten counts, including five counts of bank robbery with the use of a dangerous weapon, in violation of 18 U.S.C. §§ 2113(a) and (d) (Counts One, Two, Six, Seven, and Eight); two counts of possessing and brandishing a firearm in furtherance of his bank robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(ii)

---

[1] Unless otherwise noted, all citations to the docket shall be understood as references to the docket entry in criminal case United States v. Lynch, 08-cr-1051.

(Counts Three and Nine); one count of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Four); one count of using, possessing and discharging a firearm in furtherance of his attempted Hobbs Act robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Five); and one count of unlawful felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (Count Ten). (See dkt. no. 32.) On November 8, 2011, Defendant pleaded guilty to Counts One, Two, Four, Six, Seven, Eight, and Ten pursuant to a plea agreement he had executed with the Government the month prior. (See Minute Entry, dated Nov. 8, 2011; see also dkt. no. 90-1.)

In the Final Presentence Investigation Report ("PSR") it filed on June 18, 2019, the Probation Office calculated an offense level of 34 for Defendant. (See dkt. no. 53 ¶¶ 30-87.) The Probation Office also determined that, although he received nine criminal history points pursuant to the 2018 edition of the United States Sentencing Guidelines (the "Guidelines") in effect at the time of sentencing, Defendant had a criminal history category of VI because he was a career offender pursuant to Guideline § 4B1.1(b). (See id. ¶¶ 89-105.)

On September 11, 2019, Defendant was sentenced to 262 months imprisonment. (See dkt. no. 90 at 3.)

On January 10, 2024, Defendant filed the instant motion. (See Mot.) The Government filed its opposition brief on February 27,

2

2024, (see Gov't Opp.), in response to which Defendant filed a reply on March 19, 2024, (see dkt. no. 103).

## II. Applicable Law

Section 3582(c)(2) permits a court to reduce a defendant's term of imprisonment if the defendant's sentencing range under the Guidelines has been lowered by the Sentencing Commission since the date of the defendant's sentencing.  See 18 U.S.C. § 3582(c)(2). The Court may only lower such a sentence "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  Id.  The relevant policy statement for retroactive amendments to the Guidelines is found at Section 1B1.10, which states that "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)[,]" but that "any such reduction in the defendant's term of imprisonment shall be consistent with" the policy statement contained in Section 1B1.10.  See U.S.S.G. § 1B1.10(a)(1).

On November 1, 2023, the 2023 edition of the Guidelines went into effect.  As part of the 2023 update, the Guidelines were amended to add Amendment 821, Part A of which amended Guideline § 4A1.1 by (a) reducing from 2 to 1 the number of criminal history "status points" a defendant would receive if he committed the

3

offense while under a separate criminal justice sentence and (b) limiting the receipt of the additional status point to defendants whose criminal history calculation provided in Guidelines §§ 4A1.1(a)-(d) already yielded 7 or more criminal history status points. See United States v. Garcia, 2024 WL 2830908, at *3 (S.D.N.Y. June 3, 2024); see also U.S.S.G. § 4A1.1(e). Guideline § 1B1.10(d) states that Amendment 821 is an amendment covered by the policy statement contained in subsection 1B1.10(a)(1), making its application retroactive and rendering a defendant who had already been sentenced prior to the effective date of Amendment 821 eligible for a one-point reduction under § 4A1.1(e) as if it had been in effect at the time of his or her sentencing. See U.S.S.G. § 1B1.10(d).

However, even after Amendment 821 went into effect, defendants who are deemed "career offenders" pursuant to Guideline § 4B1.1 receive a criminal history category of VI toward the calculation of their applicable sentencing range. The automatic placement into criminal history category VI renders the retroactive one-status point reduction available through Amendment 821 irrelevant for career offenders because the status point calculation provided in Guideline § 4A1.1 is used only to determine the applicable criminal history category. See United States v. Fernandez, 2024 WL 3522303, at *1 (S.D.N.Y. July 23, 2024) ("Because the Criminal History Category was dictated by the Career

4

Offender Guideline, the one-point reduction in the status point provision of Amendment 821 would not have reduced the defendant's Guideline calculation.")  In other words, because a career offender's criminal history category is not determined by the status point calculation in Guideline § 4A1.1 that Amendment 821 alters, the calculation of a career offender's sentence is unaffected by Amendment 821, Part A.

### III. Discussion

Defendant is a career offender.  Both the original PSR produced by the Probation Office before Defendant's sentencing and the amended PSR the Probation Office filed on February 8, 2024, confirm this.  (See dkt. no. 53 ¶¶ 84, 105; dkt. no. 100 ¶¶ 84, 105.)

Under the Guidelines, a defendant qualifies as a career offender if he was (a) eighteen years or older at the time he committed the offense for which he is being sentenced; (b) the offense for which he is being sentenced is a felony that is either a crime of violence or a controlled substance offense; and (c) the defendant has at least two prior felony convictions either for a crime of violence or a controlled substance offense.  See U.S.S.G. § 4B1.1(a).

Defendant satisfies each of these necessary requirements. First, he was fifty years old when he committed the instant offenses.  (See dkt. no. 100 at 2, ¶¶ 16-24.)  Second, both the

5

original and amended PSR detail Defendant's three prior felony convictions, two of which were for, inter alia, separate first-degree robberies Defendant committed in 1982 while holding victims at gunpoint. (See dkt. no. 53 ¶¶ 100-01; dkt. no. 100 ¶¶ 100-01.) Armed robberies such as those Defendant committed in 1982 are categorically crimes of violence. See United States v. McCoy, 58 F.4th 72, 74 (2d Cir. 2023); Gelzer v. United States, 2023 WL 4405668, at *3-4 (E.D.N.Y. July 7, 2023). Finally, Defendant pleaded guilty in the instant case to five separate counts of bank robbery in violation of 18 U.S.C. § 2113(a), which constitutes a crime of violence. See United States v. Hendricks, 921 F.3d 320, 328 (2d Cir. 2019) (holding a conviction under § 2113(a) categorically constitutes a crime of violence even if committed "by intimidation"); United States v. Pedro, 2024 WL 3518359, at *2-3 (S.D.N.Y. July 24, 2024) (a § 2113(a) offense is "properly considered a crime of violence"). Accordingly, because Defendant satisfies each of the three requirements under Guideline § 4B1.1(a), he was a career offender at the time of his conviction. As such, the Guidelines required that he receive a criminal history category of VI. See U.S.S.G. § 4B1.1(b).

Because Defendant automatically qualifies for criminal history category VI, the one-status point reduction in the calculation of criminal history points provided by Amendment 821, Part A, does not affect the calculation of his sentencing range.

6

Therefore, Defendant is ineligible for relief under Amendment 821 and is not entitled to a reduction in his sentence pursuant to the retroactive application of Amendment 821.  See Fernandez, 2024 WL 3522303, at *1.

**IV.    Conclusion**

Accordingly, Defendant's Motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) is denied.

The Clerk of Court shall close docket entry 98 in case 08-cr-1051 and docket entry 17 in case 20-cv-7210 and shall mail a copy of this Order to Mr. Lynch.

**SO ORDERED.**

Dated:    October 8, 2024
          New York, New York

*[signature: Loretta A. Preska]*
_____
LORETTA A. PRESKA
Senior United States District Judge